# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John New,**
**Petitioner Below, Petitioner**

**vs.)   No. 19-0406** (Wyoming County 18-C-118)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**August 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John New, self-represented litigant, appeals the March 29, 2019, order of the Circuit Court of Wyoming County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Benjamin F. Yancey, III, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 6, 2013, petitioner was indicted in the Circuit Court of Wyoming County on one count of grand larceny, one count of burglary, one count of first-degree sexual assault, and one count of first-degree murder. Petitioner was ordered to undergo a psychological evaluation, and he was found to have been competent at the time of the offenses, to have a rational understanding of the underlying criminal proceeding, and to exhibit "a sufficient present ability to consult with his attorney[.]"

On December 5, 2014, petitioner and the State entered into a binding plea agreement. Petitioner agreed to plead guilty to first-degree murder in exchange for the State's dismissal of the remaining charges. The parties further agreed that the appropriate disposition of the case would be for the circuit court to sentence petitioner to a life term of incarceration without the possibility of parole.

1

At the December 5, 2014, hearing, petitioner entered his guilty plea and advised the circuit court that while his prescribed medication Effexor kept "[his] mood from being wild and too energetic," his mind remained "clear." The circuit court accepted petitioner's plea and imposed the sentence which was specified in the plea agreement. Petitioner did not appeal the circuit court's December 11, 2014, order.

On March 27, 2017, petitioner requested that the circuit court provide him with documents from the underlying criminal case in possession of the circuit clerk. A copy of the circuit clerk's criminal case file was sent to petitioner on May 4, 2017.

On October 26, 2018, petitioner filed a petition for a writ of habeas corpus in the circuit court, arguing that the court failed to respond to petitioner's March 27, 2017, request for documents. Petitioner further argued that he was denied due process of law in the underlying criminal proceeding as follows: (1) the circuit court failed to make a determination as to petitioner's mental competency; (2) the circuit court improperly accepted petitioner's guilty plea when petitioner was under the effects of psychotropic medication; (3) petitioner's counsel provided ineffective assistance; and (4) the circuit court imposed a sentence without a presentence investigation report.

By order entered on March 29, 2019, the circuit court noted that petitioner requested a copy of the circuit clerk's criminal case file and a transcript of the December 5, 2014, plea and sentencing hearing. The circuit court found that while the court did not provide petitioner with the December 5, 2014, transcript, a copy of the criminal case file was sent to petitioner on May 4, 2017.

The circuit court denied the habeas petition, finding that the record showed that petitioner's remaining claims were without merit. The circuit court found that petitioner was psychologically evaluated and found to be competent—both at the time of the offenses and at the time of the underlying criminal proceeding—and that petitioner's prescribed medication kept his mood under control during his plea, and his mind was clear. The circuit court further found that petitioner failed to support his claim of ineffective assistance of counsel with factual allegations sufficient to justify a hearing and the appointment of counsel given that the allegations were contradicted by the record (petitioner was competent, and his plea was voluntary). Finally, the circuit court rejected petitioner's argument that a presentence investigation report was necessary as the court imposed the sentence specified in the plea agreement.

Petitioner appeals the circuit court's May 29, 2019, order denying the habeas petition. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions

2

of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *id.* at 412, 787 S.E.2d at 865.

On appeal, petitioner argues that: (1) the circuit court failed to make a determination as to petitioner's mental competency; (2) the circuit court improperly accepted petitioner's guilty plea; (3) petitioner's counsel provided ineffective assistance; and (4) the circuit court imposed a sentence without a presentence investigation report. In additional to these substantive claims, petitioner further argues that the circuit court failed to provide him with the transcript of the December 5, 2014, plea and sentencing hearing. Respondent counters that the circuit court properly denied the habeas petition. We agree with respondent.

In Syllabus Point 3 of *State ex rel. Tackett v. Poling*, __ W. Va. __, __ S.E.2d __, 2020 WL 2703118 (May 22, 2020), we held that:

> [a]n inmate may not engage in discovery in relation to a post-conviction habeas corpus proceeding prior to the filing of his or her petition seeking a writ of habeas corpus. Discovery may be had in a post-conviction habeas corpus proceeding only after a petition has been filed and only as permitted by Rule 7 of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings.

Here, petitioner concedes that he requested that the circuit court provide him with the plea and sentencing transcript on March 27, 2017, before he filed his habeas petition on October 26, 2018. By scheduling order entered on April 30, 2019, we denied petitioner's request for the preparation of the transcript for inclusion in the appellate record.

"A mere recitation of any of [the] grounds [for habeas relief] without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981). Even without the plea and sentencing transcript, we find that the record clearly contradicts petitioner's substantive claims because: (1) petitioner was psychologically evaluated and found to be competent, both at the time of the offenses and at the time of the underlying criminal proceeding; (2) petitioner advised the circuit court that his prescribed medication allowed him to keep his mood under control

and that his mind was clear; (3) petitioner and the State entered into a binding plea agreement; and (4) the circuit court imposed the sentence specified in the plea agreement.

While we agree with petitioner that he is entitled to the plea and sentencing transcript,[1] we find that petitioner's entitlement to that transcript does not alter the fact that the circuit court properly denied the instant habeas petition as the allegations therein were not sufficient to justify a hearing and the appointment of counsel. As we explained in *Tackett*,

> "[t]he usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript [to support his claim] but rarely, if ever, . . . to become aware of the events or occurrences which constitute a ground for collateral attack." [*United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)].
>
> *United States v. MacCollom*, 426 U.S. 317, 327-28, 96 S. Ct. 2086, 2092-93, 48 L. Ed. 2d 666 (1976).

2020 WL 2703118, at *7. Therefore, based upon our review of the record, we find that the circuit court's denial of the habeas petition did not constitute an abuse of discretion.[2]

---

[1]In Syllabus Point 1 of *Tackett*, we reiterated that "[u]pon request, an indigent defendant in a criminal case who enters a guilty plea is entitled to a transcript of all proceedings against him, including the indictment, pre-trial motions, pre-trial hearings, and any other matter of record." 2020 WL 2703118, at *1 (quoting Syl. Pt. 1, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975)). We concluded in *Tackett* that:

> an indigent criminal defendant who has entered a plea of guilty and has not previously obtained the documents to which he or she is entitled, which includes a free copy of the transcript of the proceedings against him or her and other matters of record, may obtain those documents, upon request, for purposes of preparing a petition for writ of habeas corpus.

*Id.* at *8; *see also Call*, 159 W. Va. at 193, 220 S.E.2d at 668 (noting that the petitioner there sought a copy of the record of the underlying criminal proceeding to prepare a habeas petition).

[2]We note that pursuant to Syllabus Point 2 of *Losh*, the doctrine of res judicata will not bar petitioner from filing subsequent habeas petitions as, for that doctrine to apply, the first proceeding must be an omnibus proceeding with a hearing and the appointment of counsel. *See* 166 W. Va. at 762, 277 S.E.2d at 608. Furthermore, if the circuit court continues to deny petitioner's request for a copy of the December 5, 2014, plea and sentencing transcript, we find that the proper remedy would be for petitioner to file a petition for a writ of mandamus in this Court to compel the circuit court to provide that transcript. *See Tackett*, at 2020 WL 2703118, at *8 (finding that the standard (continued . . .)

For the foregoing reasons, we affirm the circuit court's March 29, 2019, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: August 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

for the issuance of a writ of mandamus was satisfied by an indigent inmate who never received a copy of a transcript of the criminal proceeding against him).

5